## IN RE ELISABETH H. ET AL.*
### (AC 15417)

O'Connell, Foti and Hennessy, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued March 17—officially released June 24, 1997

*William A. Snider*, for the appellants (respondents).

*Patricia E. Naktenis*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman, Linda Pearce Prestley* and *Gregory D'Auria*, assistant attorneys general, and *Charlotte Schmid*, legal intern, for the appellee (petitioner).

*Sharon Wicks Dornfeld*, for the minor children.

### Opinion

O'CONNELL, J. This is the respondent parents' appeal from the judgment adjudicating their two minor daughters neglected, uncared for and abused and committing them to the custody of the department of children and families.

While the appeal was pending in this court, one daughter reached the age of majority and the second reached majority six days after the appellate hearing.

At the request of the court, the parties addressed the question of whether the appeal is moot.

"An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Parrott* v. *Liquor Control Commission,* 44 Conn. App. 745, 746, 692 A.2d 845 (1997).

Notwithstanding that the minors in this case have reached their majority and no order of this court can affect them, the respondents argue that the appeal is not moot because of collateral consequences.

The first claimed collateral consequence is that unless the trial court's judgment is reversed, the respondents will not be eligible to become foster parents for five years. There is no foundation in the record to support this argument. There is no evidence that the respondents had applied to become foster parents and had been rejected nor is there any evidence that they had any intention of applying to become foster parents in the future. Additionally, the bar to foster parenthood arises from the order for temporary custody that had been entered and upheld by the trial court earlier in these proceedings. Regs., Conn. State Agencies § 17a-145-101 (o).[1] Reversal of the trial court judgment sub judice in this appeal would not affect the order of temporary custody or any consequences therefrom.

The second claimed collateral consequence is that reversal would remove the respondents' obligation to

---

[1] Section 17a-145-101 (o) of the Regulations of Connecticut State Agencies provides in relevant part: "No license [to be a foster parent] shall be granted if, within five years of date of application for license, the provider . . . has had a child removed from his care or custody for reason of child abuse or neglect."

reimburse the state for support of one or both of their children. We do not agree. The respondents are responsible for the support of their children regardless of whether they have been committed to the custody of the department of children and families. General Statutes § 46b-130 provides that "[t]he parents of a minor child for whom care or support of any kind has been provided under the provisions of this chapter, shall be liable to reimburse the state for such care or support . . . ." The commissioner of children and families, pursuant to General Statutes § 17a-90 (b), is authorized to provide "protective services . . . for the care and protection of children other than those committed by the Superior Court whom he finds in need of such care and protection from the state . . . and [to collect] such sums as are determined to be owing and due from the parent of the noncommitted child . . . ." Additionally, the obligation to reimburse the state for support arose from the order of temporary custody, and reversal of the judgment before us on this appeal would not affect that order. Accordingly, reimbursement of support is not a collateral consequence of the trial court's judgment.

Third, the respondents argue that the damage to their reputation resulting from the trial court judgment is sufficient to keep this appeal from becoming moot. They make this claim without reference to any legal authority. Moreover, they fail to understand the nature of the trial court's judgment. It is not directed against them as parents, but rather is a finding that the children are neglected, homeless or abused. Furthermore, all juvenile proceedings are confidential and sealed. General Statutes § 46b-124 (a).

Finally, they argue that the appeal is not moot because the issues are capable of repetition, but may continue to evade review. See *Grace Community Church* v. *Bethel*, 30 Conn. App. 765, 769, 622 A.2d 591,

cert. denied, 226 Conn. 903, 625 A.2d 1375, cert. denied, 510 U.S. 944, 114 S. Ct. 383, 126 L. Ed. 2d 332 (1993).

Although in the present case the minors reached majority before the appeal process was completed, it is unlikely that in every other case in which the same issues arise that the minors will reach majority before the trial court's action can be reviewed. *Loisel* v. *Rowe*, 233 Conn. 370, 384, 660 A.2d 323 (1995). Accordingly, these issues may be reviewed in a future case that presents a proper case or controversy.

The respondents have not persuaded us that this appeal is not moot because of collateral consequences. "Mootness implicates the subject matter jurisdiction of this court. We have consistently held that we do not render advisory opinions. If there is no longer an actual controversy in which we can afford practical relief to the parties, we must dismiss the appeal." *Sadlowski* v. *Manchester*, 206 Conn. 579, 583, 538 A.2d 1052 (1988). This appeal is moot.

The appeal is dismissed.

In this opinion the other judges concurred.

